The Court, in charging the jury, differed in opinion.
The Chief Justice, and Grimke, J,
were in favour of the avowant, and mentioned to the jury, that negroes circumstanced like the present plaintiff’s, had always been considered as liable to distress. That the doctrine had often been recognised, and they did not consider themselves at liberty to depart from it at this day, notwithstanding there might be some apparent inconvenience and hardship in the case.
*303 Bay, J.
was of a contrary opinion. He could not conceive that the common law ever contemplated this kind of property. If it had, he doubted not but it would have formed one of the exemptions from distress. An owner had a perfect command over every other kind of goods and chattels, so that they could not easily go into the inclosure o f another against his consent. , But negroes had a will of their own, and the strictest watching could not, at times, prevent them from visiting their acquaintances in a neigh-bouring plantation or yard. Tradesmen’s negro apprentices were striking instances of the necessity of such exemptions ; and he was of opinion, that the same rule should extend to hired negro tradesmen of every description, and all other negroes belonging to third persons.* As to the practice hitherto established, it was so manifestly against common reason and justice, that no acquiescence in it could sanction the principle, The sooner, he thought, it was rectified, the better.
The jury found for the plaintiff. The verdict has been acquiesced in, and the case often relied on since, though no more solemn decision has ever yet taken place on the subject.†

 Vide the case of Brodon v. Pierce, cited in l Vern. ISi. where cattle coming by escape out of the neighbouring grounds, held not to ho distrainable.

 See act of assembly passed in December, 1799, by which negroes or slaves of third persons are exempted from distress for rent, &c. so that such exemption forms a part of the law of South-Carolina at this day.